1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

KENISHA BRADLEY, an individual,
11   KENISHA BRADLEY, as Guardian Ad Litem for minor child:
DOE CHILD,
12

                Plaintiffs,                    No. CIV S-08-0961 JAM GGH PS
13

       vs.
14

COUNTY OF SACRAMENTO, et al.,
15

                Defendants.
16

17   _____/

18          Plaintiffs, who proceeds in pro se, paid the filing fee after filing an application to

19   proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This case is referred to this court

20   pursuant to E. D. Cal. L. R. 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

21          Presently before the court is plaintiff's amended request for entry of default, filed

22   July 30, 2008.  Plaintiff asserts that certain defendants have not responded to her complaint.  On

23   June 30, 2008, plaintiff filed a proof of service which states that service was effectuated on some

24   of the defendants by United States mail.  Plaintiff names only some of the defendants in this

25   action in her proof of service.  (Docket #4.)

26   \\\\\

1

1    Fed. R. Civ. P. 4(e) provides that service of process may be effected by (1)

2    delivering a copy of the summons and of the complaint to the defendant personally, (2) by

3    leaving copies of the summons and of the complaint at defendant's home with a person of

4    suitable age and discretion, (3) by delivering a copy of the summons and of the complaint to an

5    agent authorized by appointment or by law to receive service of process on defendant's behalf, or

6    (4) pursuant to the law of the state in which the district court is located.

7    Although California law permits service of a summons by mail, such service is

8    valid only if a signed acknowledgment is returned and other requirements are complied with.

9    Cal. Civ. Proc. Code § 415.30.[1]  Plaintiff did not comply with the requirements of § 415.30

10   because she failed to provide defendants with a signed acknowledgment as set forth in this

11   section.  Plaintiff may have confused the mail procedures for out-of-state defendants in Cal. Civ.

12   Proc. Code § 415.40 for the in-state procedures of § 415.30.   In addition, the proof of service

13   filed June 30, 2008, is not adequate in that, among other things, it does not contain the addresses

14   upon which defendants were served.

15   It appears that plaintiff has not effectuated service properly on most of the

16   defendants.[2]  Pursuant to Federal Rule of Civil Procedure 4(m), the court may dismiss an action

17   where service of summons is not made within 120 days after the filing of the complaint.  Plaintiff

18   is warned that although she proceeds in pro se, she is bound by this court's Local Rules and the

19   Federal Rules of Civil Procedure; failure to comply therewith may be grounds for dismissal,

20   _____

21   [1]  Cal. Civ. Pro. Code § 415. 30 provides:
     (a) A summons my be served by mail as provided in this section.  A copy of the summons and of

22   the complaint shall be mailed (by first class or airmail, postage prepaid) to the person to be
     served, together with two copies of the notice and acknowledgment provided for in subdivision

23   (b) and a return envelope, postage paid, addressed to the sender.
     (b) The notice specified in subdivision (a) shall be in substantially the following form:

24   (Title of court and cause, with action number, to be inserted by the sender prior to mailing)
     NOTICE

25   To: (Here state the name of the person to be served.)
     This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. . .

26   [2]  Defendants County of Sacramento and Maria Velasco have filed answers.

2

1  default judgment, or any other sanction appropriate under these rules.  E. D. Cal. L. R. 83-183.

2         Plaintiff refers to plaintiff "doe child" as a minor.  While a non-attorney may

3  represent him or herself in a lawsuit, he or she has no authority to appear as an attorney for

4  others.  "[A] parent or guardian may not bring an action on behalf of a minor child without

5  retaining a lawyer." <u>Johns v. County of San Diego</u>, 114 F.3d 874, 877 (9th Cir. 1997).  Plaintiff

6  will therefore be granted thirty days in which to obtain counsel for plaintiff "doe child."

7         Accordingly, IT IS HEREBY ORDERED that:

8         1.  Plaintiff's application to proceed in forma pauperis is denied.

9         2.  Plaintiff's amended request for entry of default, filed July 30, 2008, is denied.

10        3.  In accordance with the order requiring timely service and joint status report,

11 filed September 16, 2008, plaintiff is reminded that she must complete service of process on the

12 defendants who have not yet answered, within 120 days after her complaint was filed under

13 Federal Rule of Civil Procedure 4(m), and shall file proofs of service reflecting service of

14 summons.  Failure to comply with this order shall result in a recommendation that the unserved

15 defendants be dismissed.

16        4.  Plaintiff is granted thirty days from the date of this order to obtain counsel and

17 file a substitution of attorneys for plaintiff "doe child."  Failure to obtain counsel will result in a

18 recommendation that this plaintiff be dismissed without prejudice.

19 DATED: 09/25/08

20                                    /s/ Gregory G. Hollows

21                                    _____
                                     GREGORY G. HOLLOWS
                                     U. S. MAGISTRATE JUDGE

22

23 GGH:076/Bradley0961.srv.wpd

24

25

26