1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

KENISHA BRADLEY, an individual,
11 KENISHA BRADLEY, as Guardian Ad Litem for minor child:
DOE CHILD,

12
                    Plaintiffs,                    No. CIV S-08-0961 JAM GGH PS
13
        vs.
14
COUNTY OF SACRAMENTO, et al.,              ORDER and
15
                    Defendants.            RECOMMENDATIONS
16
_____/
17

18              Plaintiff is proceeding with this action in pro se, having paid the filing fee after

19 filing an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This case is

20 referred to this court pursuant to E. D. Cal. L. R. 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

21              Presently before the court is plaintiff's request for appointment of counsel for her

22 minor child based on this court's previous order which informed her that "a parent or guardian

23 cannot bring an action on behalf of a minor child without retaining a lawyer."  Johns v. County of

24 San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

25              Litigants pursuant to 28 U.S.C. § 1915 do not have an absolute right to appointed

26 counsel.  While the court has discretion under 28 U.S.C. § 1915(e)(1) to "request" that an

                                        1

attorney voluntarily represent an indigent civil litigant, the statute does not authorize the court to appoint counsel.  See Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 301-307 (1989).  Moreover, the court's authority to request voluntary representation is limited to "exceptional circumstances."  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1990).  A finding of "exceptional circumstances" requires both (1) the likelihood of success on the merits and (2) the inability of the plaintiff to articulate his or her claims in pro se in light of the complexity of the legal issues involved.  Ibid.  Neither factor is dispositive and both must be viewed together before reaching a decision on the motion.  Ibid.

The instant case does not present the requisite "exceptional circumstances" warranting exercise of this court's discretion to request voluntary legal representation of plaintiff's minor children.  While the complaint does not necessarily suggest a likelihood of success on the merits, plaintiff has demonstrated the ability adequately to articulate her claims. Moreover, plaintiff's minor child is not an essential party to this litigation.  The child's experience, while relevant to proving plaintiff's case and the damages sustained, may be duly considered in this action without naming her as a plaintiff.  Additionally, the experience of the child can be introduced by either affidavit or other documentary evidence, or by her parent, without requiring her presence in court.  Plaintiffs' request for appointment of counsel for her child will therefore be denied.

Therefore, pursuant to this court's previous order informing plaintiff that failure to obtain counsel for plaintiff "doe child" would result in a recommendation that this plaintiff be dismissed, the court will so recommend.

Accordingly, IT IS HEREBY ORDERED that: plaintiff's October 31, 2008 request for appointment of counsel for her minor child (Doc. No. 16), is denied.

IT IS HEREBY RECOMMENDED that plaintiff  "doe child" be dismissed from this action without prejudice.

\\\\\

1    These findings and recommendations are submitted to the United States District

2 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

3 twenty days after being served with these findings and recommendations, plaintiff may file

4 written objections with the court.  The document should be captioned "Objections to Magistrate

5 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

6 within the specified time may waive the right to appeal the District Court's order.  Martinez v.

7 Ylst, 951 F.2d 1153 (9th Cir. 1991).

8 DATED: December 11, 2008

9

10                                     /s/ Gregory G. Hollows

                                    _____

11                                    GREGORY G. HOLLOWS
                                    U. S. MAGISTRATE JUDGE

12

GGH:076/Bradley0961.fr

13

14

15

16

17

18

19

20

21

22

23

24

25

26