IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENISHA BRADLEY, an individual,
KENISHA BRADLEY, as Guardian Ad Litem for minor child:
DOE CHILD,

        Plaintiffs,                       No. CIV S-08-0961 JAM GGH PS

   vs.

COUNTY OF SACRAMENTO, et al.,       ORDER and

        Defendants.                    RECOMMENDATIONS

_____/

        Previously pending on this court's law and motion calendar for March 26, 2009, was a motion to dismiss, filed November 20, 2008, by defendants Superior Court of California, County of Sacramento, Hight, Ullman, Burger-Plavin, Medari, and Sarimento (Judicial Defendants); and a motion for summary judgment, filed February 11, 2009, by defendants County of Sacramento, Velasco, Deane, and Contreras (Sacramento County Employees). Also pending before the court is defendants' motion to quash subpoenas, filed March 12, 2009. Plaintiff appeared in pro se.[1] The Judicial Defendants were represented by William Krabbenhoft.

---

[1] Plaintiff has been represented by counsel since May 21, 2009. (Dkt. #48.)

1

Jeri Pappone appeared on behalf of the Sacramento County Employees. Having reviewed the motions and heard oral argument, the court now issues the following findings and recommendations.

BACKGROUND

On May 5, 2008, plaintiff filed the underlying complaint in this action against numerous defendants, all of whom are alleged to have been involved in plaintiff's family law trial on January 19, 2007 regarding custody and visitation issues in regard to her daughter and the purported father, defendant Pablo Lawlor. Pablo's mother is defendant Maria Velasco whom plaintiff alleges kidnaped her daughter and committed perjury in family court proceedings. Many of the defendants are judicial or county employees involved in her case.

Plaintiff's claims are for violation of civil rights (42 U.S.C. § 1981), conspiracy to interfere with civil rights (42 U.S.C. § 1985), "neglect to prevent interference with civil rights" (42 U.S.C. § 1986), kidnaping, forgery, perjury, malfeasance, fraud, defamation, and violation of due process. Plaintiff seeks damages and injunctive relief, including being reunited with her child.

DISCUSSION

Legal Standard for Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,, 129 S.Ct. 1937, 1949 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.

1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

Analysis

Although defendants raise numerous additional grounds for dismissal, the court will not reach them as it finds a lack of federal jurisdiction.  The grounds raised in the County

Defendants' motion for summary judgment will also not be reached for this reason.

Plaintiff's allegations of errors in the state court are barred by the Rooker-Feldman doctrine because they expressly entail review of a state court's prior judgment.

A federal district court does not have jurisdiction to review legal errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311-1312 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S. Ct. 149, 150 (1923). This doctrine has not aged well with time. In recently advocating the abolishment of a doctrine not at issue here, Justice Stevens characterized the lack of vitality in Rooker-Feldman:

> Rather than preserving whatever vitality that the "exception" has retained as a result of the Markham dicta, I would provide the creature with a decent burial in a grave adjacent to the resting place of the Rooker-Feldman doctrine. See Lance v. Dennis, 546 U.S. 459, ----, 126 S.Ct. 1198, 1204, 163 L.Ed.2d 1059 (2006) (STEVENS, J., dissenting).

Marshall v, Marshall, 547 U.S. 293, 318, 126 S. Ct. 1735, 1752 (2006) (Stevens, J. dissenting). However, while consigning Rooker-Feldman to life support, a majority of the Supreme Court has not laid the doctrine to rest in the grave prepared by Justice Stevens:

> Rooker-Feldman, we explained, is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S., at 284, 125 S.Ct. 1517.

Lance v. Dennis, 546 U.S. 459, 464, 126 S.Ct. 1198, 1201 (2006) quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp, 544 U.S. 280, 284, 125 S.Ct. 1517 (2005).

The 9th Circuit has also clarified the doctrine in Noel v. Hall, 341 F.3d 1148 (9th Cir.2003). A federal plaintiff who asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, is barred by Rooker-Feldman because the federal court lacks subject matter jurisdiction. Id. at 1164. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction. Id. But even if a federal plaintiff is

expressly seeking to set aside a state court judgment, Rooker-Feldman does not apply unless a legal error by the state court is the basis for that relief. See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004).

Rooker-Feldman survives enough to require dismissal of this case. See Parlante v. Peterson, 323 Fed. Appx. 529 (9th Cir. 2009) dismissing on Rooker-Feldman grounds a federal follow-up to a state court parental rights case. The complaint refers to a trial which occurred on January 19, 2007. Compl. at 4:8-9. Exhibits attached to the County Defendants' motion for summary judgment indicate that plaintiff filed claims against the County of Sacramento on the same matters referred to in the complaint herein, and these claims also complain about the trial proceedings. Defs.' Exs. B, C, D. The declaration of defendant Maria Velaso, mother to plaintiff's ex-husband, states that she understood that her son was awarded primary physical custody of their minor child by the family court. Velasco Decl., ¶ 6. Plaintiff's opposition further supports a Rooker-Feldman bar. It outlines the trial court proceedings in January, 2007. (dkt. # 28, ¶¶ 3, 10.) Plaintiff concedes that there was a state court decision granted custody of plaintiff's child to defendant Lawlor, and a decision "dismissing" the restraining order previously granted in plaintiff's favor against defendant Lawlor, which are two of the decisions about which she complains in this action. (Id. at ¶¶ 13, 14.) At hearing, plaintiff argued that she was prevented from presenting her case to the court because the family court judge did not give her a chance, and was disrespectful toward her. She did concede, however, that she appealed from that decision to the state appellate court. For this reason, plaintiff's action is barred by the Rooker-Feldman doctrine.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for summary judgment, filed February 11, 2009, (dkt. # 30), is denied as unnecessary; and

\\\\\

1  2. Defendants' motion to quash subpoenas, filed march 12, 2009, (dkt. # 36), is denied as unnecessary.

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss, filed November 20, 2008, (dkt. # 22), be granted and this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 08/24/09                                                  /s/ Gregory G. Hollows

                                                                 _____
                                                                 GREGORY G. HOLLOWS
                                                                 U. S. MAGISTRATE JUDGE

GGH:076/Bradley0961.msj